UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

GREEN MATERIALS OF WESTCHESTER, JAMES MEANEY, and GEORGE LIASKOS,
Plaintiffs,

v.

THE TOWN OF CORTLANDT, LINDA PUGLISI, JOHN SLOAN, FRANK FARRELL, RICHARD BECKER, ANN LINDAU, TOWN OF CORTLANDT ZONING BOARD OF APPEALS, TOWN OF CORTLANDT PLANNING BOARD, TOWN OF CORTLANDT DEPARTMENT OF TECHNICAL SERVICES, KEN HOCH, EDWARD VERGANO, JAMES FLANDREAU, TOWN OF CORTLANDT DEPARTMENT OF LAW, JOHN KLARL, and THOMAS WOOD,
Defendants.

-----------------------------------------------------------x

**OPINION AND ORDER**

15 CV 3257 (VB)

Briccetti, J.:

Plaintiffs Green Materials of Westchester, James Meaney, and George Liaskos bring this civil rights action against the Town of Cortlandt, Linda Puglisi, John Sloan, Frank Farrell, Richard Becker, Ann Lindau, the Town of Cortlandt Zoning Board of Appeals, the Town of Cortlandt Planning Board, the Town of Cortlandt Department of Technical Services, Ken Hoch, Edward Vergano, James Flandreau, the Town of Cortlandt Department of Law, John Klarl, and Thomas Wood, claiming violations of their First and Fourteenth Amendment rights.

Defendants have moved to dismiss the complaint invoking the doctrines of Rooker-Feldman and res judicata. (Doc. #3).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

For purposes of deciding the pending motion, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiffs' favor.

Plaintiff James Meaney is the principal of co-plaintiff Green Materials of Westchester ("Green Materials"). On June 3, 2008, Meaney leased property in the Town of Cortlandt (the "Town") from co-plaintiff George Liaskos to use the parcel as a "Specialty Trade Contractor," a permitted use under the Town's applicable zoning ordinance. (Compl. at 6). Meaney sought to engage in concrete recycling activities on the property.

I. Proceedings Before the Town of Cortlandt

On August 6, 2008, Meaney applied to the Town's Zoning Board of Appeals ("ZBA") for a determination that Green Materials's concrete recycling would be an appropriate "specialty trade contractor" use under the applicable zoning ordinance. After receiving a favorable decision from the ZBA, Meaney applied to the Town's Planning Board for site plan approval on August 22, 2008.

Plaintiffs allege the Planning Board refused to consider their site plan application for several months based on (i) "personal and political bias against" plaintiffs (Compl. at 12); (ii) confusion about whether Green Materials would be crushing raw materials, such as rock; and (iii) the Town Board's preference that a hotel be built on the property. On April 7, 2009, the Planning Board held a public hearing on plaintiffs' site plan application to recycle concrete and adjourned consideration of the application.

One week later, the Town Board enacted a one-year moratorium on the processing of applications for site plan approvals for certain uses, including specialty contractor yards. Plaintiffs allege defendants "targeted" their site plan application for denial because the Planning

Board processed and approved site plan applications for other contractor yards during the moratorium. (Compl. at 16).

On July 20, 2010, the Town Board adopted a local law requiring that specialty trade contractors obtain special use permits. The definition of "specialty trade contractors" was limited to include certain types of activities, including "manufacturing operations that do not require the processing of raw materials." Town of Cortlandt Town Code § 307-4.

In March 2011, plaintiffs appeared before the Planning Board and their site plan application was denied. Plaintiffs allege certain defendants falsely stated the site plan application required the processing of raw material. Defendant John Klarl, counsel for the ZBA and Planning Board, suggested plaintiffs re-apply to the ZBA.

Plaintiffs submitted a new site plan application. At the public hearing on the new application, certain ZBA members "indicate[d] that as long as the Plaintiff limit[ed] his activities" to those found in plaintiffs' prior application, plaintiffs have "an approved use to appear before the Planning Board and obtain approval." (Compl. at 20). Nonetheless, on April 23, 2012, the ZBA denied the new application, finding plaintiffs "cannot apply to the planning Board for a Special Permit for a Specialty Trade Contractor where the applicant's activities require the processing of raw materials." (Id.).

II. Proceedings in New York State Court

On May 23, 2012, Green Materials and Meaney commenced a combined Article 78 and declaratory judgment action in Supreme Court, Westchester County, against the Town, the ZBA members, the Planning Board members, and the Town's building officials, seeking (i) reversal of the ZBA's April 23, 2012, determination, and (ii) declaratory relief pursuant to C.P.L.R. § 3001 determining the applicability of various land use statutes as they apply to plaintiffs' rights. On

May 7, 2013, the court (Hon. Lester B. Adler) granted the Article 78 petition nullifying the ZBA's April 23, 2012, determination.[1] The court severed the claim for declaratory relief.

Green Materials and Meaney sought leave pursuant to C.P.L.R. § 3025(b) to amend their complaint to add causes of action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of their First Amendment rights to freedom of speech and association, as well as their Fourteenth Amendment rights to due process and equal protection.

On October 8, 2014, Justice Adler denied the motion for leave to amend. As to the First Amendment claim, the court held, "Plaintiff has not alleged that the Defendants' actions actually chilled his exercise of his First Amendment rights and thus has not stated a cause of action for violation of First Amendment rights." (Svensson Decl. Ex. D at 4) (quotations and alterations omitted). Similarly, Justice Adler found Green Materials and Meaney "failed to state [an] element of a substantive due process claim," and "failed to state an equal protection claim." Id. at 5-6.

Green Materials and Meaney moved a second time for leave to amend their complaint. They included new factual allegations in their second proposed amended complaint. In addition to the claims asserted in their first proposed amended complaint, Green Materials and Meaney attempted to add a conspiracy claim under 42 U.S.C. § 1985. They also sought to add Liaskos, the property owner, as a plaintiff, and to add James Flandreau, a Town employee, Tom Wood, the head of the Town's Department of Law, and John Klarl as defendants.

---

[1] Defendants appealed the Supreme Court's grant of the Article 78 petition. The Appellate Division, Second Department, held the "Supreme Court properly concluded that the ZBA's determination was not supported by the evidence in the record and lacked a rational basis and, hence, was arbitrary and capricious." In re Green Materials of Westchester v. Cortlandt, 132 A.D.3d 868 (2d Dep't 2015).

On March 25, 2015, Justice Adler denied Green Materials's and Meaney's second motion to amend their complaint. The court held:

> [t]his Court has already determined that plaintiffs' proposed claims under 42 U.S.C. §§ 1983 and 1988 have no merit. The new factual allegations do not make the claims any more viable. Since the claims that defendants deprived plaintiffs of their federal rights fail, so does the claim under 42 U.S.C. § 1985 that defendants conspired to deprive plaintiffs of their rights.

(Svensson Decl. Ex F at 3). Justice Adler denied the portion of the motion seeking to add parties without prejudice.[2]

Approximately one month later, plaintiffs filed a complaint in federal court substantially similar to the second proposed amended complaint denied by Justice Adler. Plaintiffs' federal complaint includes the constitutional violations Justice Adler rejected as meritless and additional parties.

## DISCUSSION

I. Legal Standards

A. Rule 12(b)(1) Standard

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted).

---

[2] The court stated, "[t]hat branch of the motion which seeks to add a plaintiff and three defendants is denied, but without prejudice to plaintiffs moving for leave to add the parties to this action as it is set forth in the existing complaint." (Svensson Decl. Ex F at 3).

The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 Fed. Appx. 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)) (internal quotation marks omitted). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

B. Rule 12(b)(6) Standard

Although defendants have moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, res judicata is an affirmative defense and not a jurisdictional matter. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (citing Fed. R. Civ. P. 8(c)). A motion to dismiss on the basis of res judicata should be made under Rule 12(b)(6). Mejia v. New York City Health & Hosps. Corp., 2014 WL 2115109, at *2 (S.D.N.Y. May 19, 2014) aff'd sub nom. Mejia v. New York City Health & Hosps. Corp., 2015 WL 8237867 (2d Cir. Dec. 9, 2015).

The Court will consider defendants' motion with respect to res judicata under Rule 12(b)(6) for failure to state a cause of action for which relief can be granted. See Rosse v. United States, 2015 WL 2453477, at *7 (N.D.N.Y. May 22, 2015) (construing statute of

limitations issue as a 12(b)(6) motion although defendant moved under 12(b)(1) because the parties adequately discussed the issue in their briefings); Zebrowski v. Denckla, 630 F. Supp. 1307, 1309 n.1 (E.D.N.Y. 1986) ("[A] motion to dismiss for lack of jurisdiction . . . [may be] treated as a 12(b)(6) motion when the memoranda submitted by the parties adequately discuss the sufficiency of the claim despite the erroneous designation of the ground for the motion."). Because the parties adequately briefed res judicata, the Court applies the Rule 12(b)(6) standard here.

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II. Rooker-Feldman

Defendants moved to dismiss the complaint under Rule 12(b)(1) pursuant to the Rooker-Feldman doctrine. "Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010). The applicability of the Rooker-Feldman doctrine "turns not on the similarity of between a party's state court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." McKithen v. Brown, 481 F.3d 89, 97-98 (2d Cir. 2007) (emphasis in original).

Here, the Town and Town officials allegedly violated plaintiffs' constitutional rights; plaintiffs' injuries were not caused by the state court judgment. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."). Thus, the Rooker-Feldman doctrine is inapplicable.

III. Res Judicata

Res judicata refers to two different doctrines: claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Under the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. (internal quotation marks omitted). "The

doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015).

A federal court must give the same preclusive effect to a state court decision as the state's law would give it. See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Therefore, New York law governs the res judicata analysis here.[3]

Under New York law, "res judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior action provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits." Pope v. Enzo Biochem, Inc., 432 F. App'x 7, 9 (2d Cir. 2011) (summary order) (quoting Kinsman v. Turetsky, 21 A.D.3d 1246, 1246 (3d Dep't 2005)) (alterations omitted). Res judicata thus bars litigation between the same parties, or those in privity with them, on the same cause of action. Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997).

Plaintiffs dispute (i) whether the state court's denials of their motions to amend were adjudications on the merits; (ii) whether certain parties here are in privity with the parties in the state court action; and (iii) whether the claims here were or could have been raised in the state court action. For the reasons addressed below, the Court finds each element of claim preclusion satisfied. Accordingly, plaintiffs' claims are barred as a matter of law.

---

[3] The Court notes, however, "there is no discernible difference between federal and New York law concerning res judicata." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002); see also Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). Accordingly, the Court relies on both New York and federal law in deciding this motion.

A. Adjudications on the Merits

Plaintiffs first argue the state court's denials of their motions to amend were not adjudications on the merits. The Court finds otherwise.

Denial of leave to amend may constitute an adjudication on the merits and bar later claims relating to the same transaction or event. See N. Assur. Co. of Am. v. Square D. Co., 201 F.3d 84, 87-88 (2d Cir. 2000) ("Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate."); EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 398-400 (2d Cir. 1997) (plaintiff sought leave to amend to add additional claims in state court, the court denied leave, and the Second Circuit held claim preclusion "applies to the claims sought to be added in the proposed amended complaint") (applying New York law).

When denial of leave to amend is on the merits, courts consistently hold the denial has preclusive effect. See Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) ("Only denial of leave to amend on the merits precludes subsequent litigation of the claims in the proposed amended complaint.") (emphasis in original); Carter v. City of New York, 2012 WL 1034914, at *3 (S.D.N.Y. Mar. 23, 2012) ("A denial of leave to amend on grounds of futility, based on an evaluation that the new allegations could not survive a motion to dismiss, is a judgment on the merits."); Yaba v. Roosevelt, 961 F. Supp. 611, 621 (S.D.N.Y. 1997) ("The denial of a motion to amend is a final judgment on the merits for the purposes of res judicata.").

Here, Justice Adler denied Green Materials's and Meaney's motion to amend their complaint to add constitutional claims because they failed to state certain elements of each claim. After plaintiffs alleged new facts and moved for a second time to add the exact same claims as

they allege here, the court affirmed its previous finding that the claims "have no merit." (Svensson Decl. Ex F at 3).

Thus, Justice Adler's decisions denying plaintiffs' motions to amend their complaint are adjudications on the merits with preclusive effect.

B. Same Parties or Those in Privity with Them

1. Plaintiff George Liaskos

Plaintiffs next argue "George Liaskos is a different party . . . without privity to anyone in the complaint." (Pls.' Br. at 9). The Court disagrees.

"[A] judgment in a prior action is binding not only on the parties to that action, but on those in privity with them." Burberry Ltd. v. Horowitz, 534 F. App'x 41, 46 n.1 (2d Cir. 2013) (summary order) (citing Green v. Santa Fe Indus., 70 N.Y.2d 244, 253 (1987)). New York law provides for a finding of privity in flexible situations involving a wide array of relationships. Ferris v. Cuevas, 118 F.3d at 127 n.6. It is of course true Liaskos did not personally litigate his claims against the defendants in the state court action. Nonetheless, plaintiffs Green Materials and Meaney, as lessees of Liaskos's property, are in privity with Liaskos. There is no allegation or indication Liaskos's interests are different from Green Materials's or that Liaskos was not adequately represented in the state court action. See Pope v. Enzo Biochem, Inc., 432 F. App'x at 9-10.

Thus, Liaskos is in privity with Green Materials and Meaney, and his interests were adequately represented in the state court action.

2. Defendants

Plaintiffs also argue res judicata does not apply here because they have included new defendants and sue certain defendants individually instead of in their official capacities.

As noted above, privity in the res judicata context "eschews strict reliance on formal representative relationships in favor of a more flexible consideration of whether all of the facts and circumstances of the party's and nonparty's actual relationship, their mutuality of interests and the manner in which the nonparty's interests were represented in the prior litigation establishes a functional representation." Mario Valente Collezioni, Ltd. v. AAK Ltd., 2004 WL 724690, at *8 (S.D.N.Y. Mar. 26, 2004) (quoting Slocum on Behalf of Nathan A v. Joseph B, 183 A.D.2d 102, 104 (3d Dep't 1992); see Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-68 (2d Cir. 1995) ("In its modern form, the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.").

In the state court action, Green Materials and Meaney initially sued the Town, the Town Board's members, the ZBA's members, the Planning Board's members, and other Town officials. Green Materials and Meaney then moved for leave to add three more Town employees – James Flandreau, John Klarl, and Thomas Wood – which Justice Adler denied without prejudice to plaintiffs' moving for leave to add the three new defendants to the original complaint. In the instant federal action, plaintiffs added four additional defendants: the ZBA itself, the Planning Board itself, the Town's Department of Technical Services, and the Town's Department of Law. Although plaintiffs do add new defendants, each of the defendants in the present case is a Town official or division of the Town sued in the prior case. All defendants are linked by their association with the Town's governance. Thus the defendants here have a

sufficiently close relationship and alignment of interest with the defendants in the state court action to justify preclusion.[4]

Plaintiffs' argument that preclusion cannot apply to defendants now sued individually is similarly unpersuasive. While a party who litigates in one capacity is usually not affected by a judgment in subsequent litigation in which the party litigates in another capacity, see e.g., Specialized Realty Servs., LLC v. Maikisch, 123 A.D.3d 801, 802 (2d Dep't 2014), that principle applies when "a party who occupies both individual and representative capacities may have conflicting interests with respect to the conduct of litigation." Hirschfeld v. Spanakos, 871 F. Supp. 190, 193 n.3 (S.D.N.Y. 1994) (concluding prior suit had res judicata effect on defendants in both their official and individual capacities); see Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000) (holding res judicata barred litigation of a claim against government officials subsequently sued in their individual capacities). Here, there is no indication or allegation the Town officials have individual interests conflicting with their interests as Town officials, nor is there any allegation the Town officials acted outside of their capacity as Town officials. Under these circumstances, plaintiffs cannot avoid res judicata merely by suing the same officials again in their individual capacities.

In sum, the parties here are the same or in privity with the parties in the state court action, satisfying this element of claim preclusion.

---

4 Moreover, plaintiffs alleged no new facts as to any defendants compared to Green Materials's and Meaney's second proposed amended complaint in the state court action. The events giving rise to the allegations as to each of the defendants here were known to plaintiffs at the time of their state court action and plaintiffs could have brought suit against them then.

C. Claims Were or Could Have Been Raised in the Prior Action

Finally, plaintiffs assert the claims in the instant case were not and could not have been raised in the prior action.

The Court finds otherwise.

First, plaintiffs argue that because their state court action involved an Article 78 proceeding, they could not have raised constitutional claims and received an adjudication on the merits. While claim preclusion may not apply when an Article 78 plaintiff subsequently seeks Section 1983 relief in federal court, that is only true "if the initial forum did not have the power to award the full measure of relief sought in the later litigation." Johns v. Rampe, 333 F. App'x 644, 646 (2d Cir. 2009) (summary order) (citing Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986)). Here, however, Green Materials and Meaney initially brought a "hybrid" Article 78 action accompanied by a declaratory judgment claim, and thus could also have brought constitutional claims. See, e.g., Coleman ex rel. Coleman v. Daines, 19 N.Y.3d 1087, 1089 (2012); Upstate Land & Props., LLC v. Town of Bethel, 74 A.D.3d 1450, 1452 (3d Dep't 2010). Moreover, Green Materials and Meaney sought to add constitutional claims to their complaint after the Article 78 cause of action had already been decided in their favor. Therefore, the state court did not lack to power to award relief stemming from their constitutional claims. Instead, Justice Adler analyzed the sufficiency of the constitutional claims and concluded they were meritless.

Second, plaintiffs assert the present complaint alleges new facts not included in the state action. Specifically, plaintiffs now allege defendants "entered into an agreement as to an enforcement issue with a nearby property owner to allow the same activities as the [plaintiffs] are herein requesting in their site plan application." (Pls.' Br. at 10). This new allegation is

insufficient to avoid the application of res judicata. "Even if there are variations in the facts alleged . . . if the actions are grounded on the same gravamen of the wrong res judicata applies." Yeiser v. GMAC Mortgage Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) (citing Marinelli Assocs. v. Helmsley-Noyes Co., 265 A.D.2d 1, 5 (1st Dep't 2000)); see Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 112-14 (2d Cir. 2000) (applying claim preclusion when some of the events post-dated the first action, but the new facts did not amount to a new claim). In the state court action, Green Materials and Meaney alleged the Town treated two contractors' applications more favorably than their application. Now plaintiffs allege a third application was treated differently. Although a new event, this is a variation of the facts previously alleged and is grounded on the gravamen of the claim that Justice Adler considered and found meritless. Thus, plaintiffs cannot avoid the preclusive effect of the state court decisions based on this new factual allegation.

Third, plaintiffs argue their current constitutional claims could not have been brought in the prior action because they allege "constitutional violations are ongoing and each day is a new violation as the complaint alleges that Defendants-Planning Board refuse to render any decision calculated to prevent proper judicial review." (Pls.' Br. at 10). Although it is true that when "a claim over 'ongoing conduct' . . . relies on facts that occurred both before and after the earlier action commenced, claim preclusion will not bar a suit," TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 501 (2d Cir. 2014), the "ongoing conduct" rule requires "legally significant acts occurring after the filing of a prior suit." Waldman v. Vill. of Kiryas Joel, 207 F.3d at 113.

Here, plaintiffs do not allege defendants took any actions depriving them of their constitutional rights since the state court decisions.[5] Thus, because plaintiffs merely offer the bare assertion of "ongoing" violations without new factual allegations, the Court finds the claims asserted here are the same as those raised in the prior action. (Pls.' Br. at 10).

In sum, plaintiffs' arguments that their claims in the present case could not have been brought in the state court action are unpersuasive. Plainly, plaintiffs are seeking relief in federal court based on the same series of transactions involved in the state court action. Justice Adler expressly found – twice – that plaintiffs' constitutional claims are meritless. Since all elements of res judicata are satisfied, the complaint must be dismissed.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED. Plaintiffs' claims are dismissed with prejudice.

The Clerk is instructed to terminate the motion (Doc. #3) and close this case.

Dated: December 21, 2015
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

[5] In fact, plaintiffs recently won a favorable decision from the Second Department affirming their Article 78 relief. See In re Green Materials of Westchester v. Cortlandt, 132 A.D.3d 868 (2d Dep't 2015).